Filed 5/28/15  P. v. Hughes CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B257593 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA417887) |
| v. | |
| NATHAN OLIVER HUGHES, | |
| Defendant and Appellant. | |

THE COURT:[*]

Nathan Hughes (defendant) appeals following his plea of "no contest" in case No. BA417887 to two counts of attempted robbery in violation of Penal Code sections 664 and 211.[1]  Defendant admitted the allegation that he personally used a handgun (§ 12022.53, subd. (b)), and that he had suffered a prior conviction of a serious or violent felony (§ 667, subds. (b)–(i)).  Defendant was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood.  The trial court expressly found defendant's waivers and plea were voluntary, knowing and intelligent.

---

[*]     BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Pursuant to the terms of the plea bargain the court sentenced defendant to 14 years in state prison.

The preliminary hearing transcript shows that defendant entered a marijuana dispensary, pointed a handgun at the security guard and told him to "'give me all your shit.'" A scuffle ensued and defendant was shot in the waist. The entire incident was captured on the dispensary's surveillance video.

Defendant filed a motion to withdraw his plea which was denied. Defendant timely filed a notice of appeal in which he checked the preprinted boxes indicating his appeal: (1) was "based on the sentence or other matters occurring after the plea"; and (2) "challenge[d] the validity of the plea or admission." Defendant's request for a certificate of probable cause in which he claimed he was coerced by appointed counsel to enter a plea, was denied.

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. On January 7, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

Defendant's guilty plea and failure to obtain a certificate of probable cause limit the potential scope of defendant's appeal to "grounds that arose after entry of the plea and do not affect the plea's validity" or "the denial of a motion to suppress evidence under Penal Code section 1538.5." (§ 1237.5, Cal. Rules of Court, rule 8.304(b).) We have examined the entire record and have found that no arguable issues of any sort exist, let alone issues cognizable without a certificate of probable cause. We are satisfied that defendant's attorney has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.